IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LATOYA MACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:12cv1060-MHT |
| | ) | (WO) |
| MARTHA UNDERWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff LaToya Mace, a former Federal Bureau of Prisons (BOP) employee, challenges her termination under the equal protection principles implied in the Fifth Amendment's Due Process Clause. This case is now before the court on defendant Martha Underwood's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.[1]  The court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question).  For the reasons below, Underwood's motion will be granted and this case dismissed.

I. STANDARD OF REVIEW

To survive 12(b)(6) dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

1. Because the complaint fails to state a claim on its face, the court will not consider the materials attached to Underwood's motion, which would require the court to convert it into one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Harper v. Lawrence Cty.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.").

liable for the misconduct alleged." *Id.* In reviewing the complaint, the court "must take the facts alleged … as true and construe them in the light most favorable to the plaintiff." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

## II. BACKGROUND

Mace was employed by the BOP from March 2002 to September 28, 2012. *See* Am. Compl. (doc. no. 14) at 2. On September 3, 2012, Mace learned that a default judgment had been awarded against her in the amount of $ 20,000. *See id.* at 2–3. On September 24, the BOP informed Mace that she was ineligible to continue her employment because the BOP had received a wage garnishment on the $ 20,000 judgment. *See id.* Mace worked at the BOP for three more days but was eventually refused access to the prison on September 28.

Mace filed this suit against prison warden Martha Underwood in her individual capacity under the theory of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which allows, under certain circumstances, a damages remedy against a federal agent who violates a plaintiff's constitutional rights. Mace seeks, among other things, back pay, front pay, and reinstatement to her position at the BOP. Underwood filed a motion to dismiss for failure to state a claim. For the reasons below, that motion will be granted.

## III. DISCUSSION

"[A] plaintiff seeking a damages remedy under the Constitution must first demonstrate that [her] constitutional rights have been violated." *Davis v. Passman*, 442 U.S. 228, 248 (1979). Because Mace's constitutional rights were not violated, the court need

not consider whether it should imply a *Bivens* cause of action on these facts.[2]

Mace's sole claim, styled as an equal protection claim under the Fifth Amendment,[3] is that she was terminated "in the absence of any rational basis." Am. Compl. (doc. no. 14) at 6. Mace does not claim that she is a member of a protected class or that she was terminated on that basis. Hers is a "class of one" equal protection claim where Mace "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis

---

2. The Second Circuit Court of Appeals decided that a *Bivens* remedy is unavailable to employees of federal contractors challenging their termination under the Fifth Amendment. *See Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 404–05 (2d Cir. 2015).

3. The Supreme Court has held that the Fifth Amendment's Due Process Clause implies an equal protection principle. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). The Court's "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (citations omitted).

for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).[4]

But class-of-one equal protection claims are not cognizable in the context of public employment. *See Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 609 (2008). As the Supreme Court explained, "recognition of a class-of-one theory of equal protection in the public employment context--that is, a claim that the State treated an employee differently from others for a bad reason, or for no reason at all--is simply contrary to the concept of at-will employment." *Id.* at 606. The Eleventh Circuit Court of Appeals had "little trouble" applying *Engquist* to hold that government contractors are also categorically barred from making class-of-one equal protection claims. *See Douglas*

---

4. Mace does not allege that she received constitutionally inadequate process with respect to her termination; that is, she does not bring a procedural due process claim.

*Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1274 (11th Cir. 2008).

*Engquist* and *Douglas Asphalt* require dismissal of Mace's complaint. Mace, who worked for the BOP, was indisputably a government employee, and her sole claim is a class-of-one equal protection claim challenging her termination. Such a claim is not cognizable under Supreme Court and Eleventh Circuit precedent.

Even if she could bring such a claim, Mace's threadbare allegations that she was treated differently from unnamed, similarly situated employees would not survive a motion to dismiss. *See Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009) (holding that "complete lack of factual detail regarding the 'similarly situated' requirement" required dismissal of class-of-one equal protection claim).

Because Mace is categorically barred from bringing a class-of-one equal protection claim to challenge her

termination and, in any event, her allegations are insufficient to support such a claim, her complaint must be dismissed.

***

For the foregoing reasons, Underwood's motion to dismiss will be granted.

An appropriate judgment will be entered.

DONE, this the 30th day of August, 2019.

                               /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE